[No. 11769. In Bank. — March 25, 1889.]

# E. R. POTTER, RESPONDENT, *v.* JAMES FOWZER, APPELLANT.

COUNTY GOVERNMENT ACT — PAYMENT OF ROAD OVERSEER — TRANSFER FROM GENERAL FUND — MANDAMUS TO COUNTY TREASURER. — Subdivision 20 of section 25 of the county government act, authorizing the supervisors to establish county funds, and to transfer moneys from one fund to another as the public interest may require, cannot be construed to authorize the transfer to a fund established by law, and expressly limited in the amount of its receipts; and as, under the Political Code, all the money used for road purposes must come from the road poll tax and property road tax, and only a portion of the cost of constructing bridges can be paid from the general fund, an order of the supervisors transferring money temporarily from the county general fund to a particular road district fund, for payment of the road overseer of that district, for work and labor done and money expended, aside from the construction of bridges, is without authority of law, and *mandamus* will not lie to compel the county treasurer to obey such order.

ID. — WORK OF ROAD OVERSEER — CONSTRUCTION OF PLEADING — PETITION FOR MANDAMUS. — Pleadings are to be construed most strongly against the pleader; and if the petition for a writ of mandate to a county treasurer, to compel a transfer from the county general fund to a particular road district fund, for payment of a road overseer, under an order of the supervisors, does not allege that the work done and money expended by the road overseer was for the construction of bridges, it must be assumed that the alleged indebtedness was created in some other way, and the petition should be dismissed.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*Archibald Yell*, and *J. A. Cooper*, for Appellant.

Section 25, subdivision 20, of the county government act, only applies to such funds as are established by the board for convenience. The more specific provisions of section 2653 of the Political Code must control. (Potter's Dwarris on Statutes and Constitutions, pp. 117 et seq.; *People* v. *Wells*, 11 Cal. 329.)

*T. L. Carothers,* for Respondent.

The county government act, being the latest, furnishes the rule, and expressly repeals all acts and parts of acts inconsistent with it. (*Santa Clara* v. *S. P. R. R. Co.,* 66 Cal. 642; *County of San Luis Obispo* v. *Hendricks,* 71 Cal. 242.)

BELCHER, C. C.—This is an appeal from a judgment awarding the petitioner a peremptory writ of mandate.

The facts stated in the petition are as follows: There was due to the petitioner as road overseer of Round Valley road district, in Mendocino County, the sum of $2,046.23, for work and labor done, and for money expended by him, for the district during the quarter-year ending June 30, 1886. There was no money in the road district fund, and only $494.61 in the general road fund of the county. A tax of forty cents on each one hundred dollars of taxable property in the county was duly levied for the fiscal year ending June 30, 1886, but that money had all been exhausted for road purposes. On the 9th of July, 1886, the board of supervisors of the county, at a regular session, made an order that the county treasurer transfer from the surplus remaining in the general fund of the county for the fiscal year ending June 30, 1886, to the Round Valley road district fund, the sum of $1.552.62, for the purpose of paying the said indebtedness due the petitioner. Demand was made that the treasurer obey the order of the board and transfer the money, but he refused, and has ever since refused to do so.

This proceeding was then commenced to enforce obedience to the order. The defendant demurred to the petition, on the ground that it did not state facts sufficient to show that petitioner was entitled to the relief demanded, or to any relief. The court overruled the demurrer, and thereupon the defendant declining to answer, the judgment appealed from was entered.

It is contended on behalf of appellant, that under the provisions of the Political Code, the board of supervisors had no power to make the order transferring the money, and that their action was therefore void. On the other hand, it is argued for respondent that subdivision 20 of section 25 of the county government act (Statutes 1883, p. 299) fully authorized the action of the board, and is controlling in the matter.

Section 2645 of the Political Code provides that road overseers, pursuant to orders of the board of supervisors, must take charge of the highways within their respective districts, keep them clear from obstructions, and in good repair, cause banks to be graded, bridges and causeways to be made where necessary, keep the same in good repair, and renew them when destroyed.

Section 2651 provides that the board of supervisors may annually set apart from the property road tax, collected from all sources, a sum not exceeding thirty-five per cent of the aggregate, for general county road purposes, to be known as the general road fund of the county; that from this fund, beside general road work for the county, the board may assist weak or impoverished districts, but shall have no power to create a debt on any district in excess of the estimated amount of receipts from said district for the current year. The section further provides that all contracts, authorizations, and liabilities made in violation of the provisions of the code shall be absolutely void.

Section 2652 provides for the annual levy on certain persons of three dollars as a road poll tax, and authorizes the board to apportion thirty-five per cent of the amount collected to the general road fund.

Section 2653 provides that the board of supervisors must each year, when they levy taxes for county purposes, also levy a property tax for highway purposes, "provided that said property tax for highway purposes shall not exceed the sum of forty cents upon each one

hundred dollars of assessable property in any one year."

And section 2712 provides that "whenever it appears to the board of supervisors that any road district is or would be unreasonably burdened by the expense of constructing, or of the maintenance and repair, of any bridge, or the purchase of toll-roads, they may, in their discretion, cause a portion of the aggregate cost or expense to be paid out of the general road fund of the county; or by vote of two thirds of the board of supervisors, said board may, in their discretion, order a portion of the cost of construction of bridges only to be paid out of the county general fund, as well as the general road fund."

By subdivision 20 of section 25 of the county government act, boards of supervisors are given the power, under such limitations and restrictions as are prescribed by law, "to establish a salary fund, and also such other county funds as they may deem necessary for the proper transaction of the business of the county, and to transfer moneys from one fund to another as the public interest may require."

It is clear from the foregoing provisions of the code that all the money which can be used for road purposes, with a single exception, must come from the road poll tax, and a property tax of forty cents on each one hundred dollars of assessable property, and that all contracts made and liabilities incurred in excess of the estimated receipts are void. In the excepted instance the supervisors are permitted by a two-thirds vote to order a portion of the cost of constructing bridges to be paid out of the county general fund. But this case does not come within the exception. It is not alleged that any of the labor performed or money expended by the petitioner was for the construction of bridges; and pleadings being construed most strongly against the pleader, it must be

assumed that the alleged indebtedness was created in some other way.

This being so, and assuming the petitioner's claim to be valid, it is clear that the board of supervisors had no authority to pay it with money taken from the general fund, the rule being that public moneys can be used only for the purposes and in the manner prescribed by law.

The only question then is, Did the provision of the county government act, relied upon by respondent, authorize the board to transfer the money temporarily from the general fund to the road district fund? We do not think it did. We see no conflict or inconsistency between that provision and the sections of the code cited. They do not relate to the same subject. Under that provision the supervisors may establish county funds, and may transfer money from one fund to another, when required by the public interest, but it cannot be construed to authorize the transfer to a fund established by law, and expressly limited in the amount of its receipts.

We therefore advise that the judgment be reversed and the cause remanded, with directions to dismiss the petition.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to dismiss the petition.

THORNTON, J., dissented.
LXXVIII. CAL.—32