[Sac. Nos. 1310 and 935. In Bank.—February 7, 1907.]

## DAVID BROWN, Respondent, v. L. J. KLEMMER, Treasurer of Glenn County, Appellant.

## C. D. DAVIDSON, Respondent, v. L. J. KLEMMER, Treasurer of Glenn County, Appellant.

ROAD DISTRICT—TRANSFER FROM GENERAL FUND UNAUTHORIZED.—There is no statutory provision which authorizes the supervisors to transfer money from the general fund to the fund of any road district.

ID.—EXPENSE OF BRIDGES—PAYMENT OUT OF GENERAL FUNDS—EXCLUSIVE METHOD.—Section 2712 of the Political Code authorizes a portion of the expense of the construction, maintenance, or repair of a bridge to be paid for out of the general road fund of the county, when it appears that the road district would be unreasonably burdened by the expense thereof, or, by vote of two thirds of the supervisors, they may, in their discretion, pay a portion of it out of the general fund as well as out of the general road fund. This method is exclusive.

APPEALS from judgments of the Superior Court of Glenn County. Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

R. L. Clifton, for Appellant.

Charles L. Donohoe, Frank Freeman, and Snook & Church, *Amici Curiæ,* for Respondent.

ANGELLOTTI, J.—By stipulation these two cases are to be heard and determined together. The facts are alike, and the law applying to each case is the same. The action is in *mandamus* to compel the defendant as county treasurer of Glenn County to transfer from the county general fund, in the one case the sum of $1,512, to the fund of road district No. 2, and in the other case the sum of $854 to the fund of road district No. 5. Demurrers were interposed to the petitions and overruled, and defendant having failed to answer, judgment was given in each case that a peremptory writ of mandate issue in accord with the prayer of the petition. Defendant appeals from said judgments. The question before us is as to whether the petitions stated facts sufficient to justify the issuance of the writs.

According to the allegations of the petitions, the material facts were as follows: On February 5, 1904, the board of supervisors of Glenn County, by a two-thirds vote, made an order declaring with respect to each of said road districts that the expense of repairs theretofore made to certain bridges therein, if paid in full out of the funds of said road districts, would not only unreasonably overburden but would impoverish said districts, that one half of such expense, $1,512 in one case and $854 in the other, would be a just and reasonable portion thereof to be paid out of the county general fund, and ordering that "for the purpose of paying one half of the cost of repairs," the respective sums aforesaid be transferred from the county general fund to the road district funds, and directing the auditor and treasurer to make the transfers accordingly. There was no order for the payment of any money on account of the repairs, the order being simply one for the transfers. Although there was sufficient money in the county

general fund, the treasurer refuses to make the transfers ordered, and it is to compel compliance with said order that these proceedings were instituted.

We are unable to find in the statutes any authorization for the order made by the board of supervisors. No such authority is to be found in subdivision 18 of section 25 of the County Government Act (Stats. 1897, p. 463) empowering the supervisors to establish such funds "as they may deem necessary and to transfer moneys from one fund to another, as the public interest may require." This is established by the decision in the case of *Potter* v. *Fowzer*, 78 Cal. 493, [21 Pac. 118], where a transfer from the county general fund to a road district fund was attempted to be justified under a similar provision of the original County Government Act. The court there said: "Under this provision the supervisors may establish county funds, and may transfer money from one fund to another, when required by the public interest, but it cannot be construed to authorize the transfer to a fund established by law, and expressly limited in the amount of its receipts." There is no statutory provision which in terms empowers the board of supervisors to transfer money to the fund of any road district.

It is sought to justify the order upon the ground that under the statute, by a two-thirds vote of the board of supervisors, the county general fund could be resorted to for the purpose of paying a portion of the cost of these repairs. Ordinarily, the general county fund, collected for general county purposes from all portions of the county, including municipalities, cannot be used for county highway purposes at all. The legislature has, however, provided that the cost of certain highway work may be wholly or partially paid for from such general fund. Section 2712 of the Political Code authorizes this to be done in the case of bridge work under certain circumstances, providing that when it appears that a road district would be unreasonably burdened by the expense of constructing, maintaining, or repairing a bridge, the supervisors "may, in their discretion, cause a portion of the aggregate cost or expense *to be paid out of the general road fund* of the county, or by a vote of two thirds of the board of supervisors, said board *may,* in their discretion, *order* a portion of the cost of construction and repairs of bridges . . . *to be*

*paid out of the county general fund* as well as the general road fund.'' (The italics are ours.) It will be seen that this section does not purport to authorize any order for the transfer of money *to a road district fund,* but simply authorizes an order for the *payment out of* the general road fund and *out of* the county general funds of amounts that would otherwise be payable only from a road district fund. The section authorizing this exceptional use of the county general fund thus prescribes the method, which is by ordering the payment *directly* from that fund. We are satisfied that the method so prescribed should be held to be exclusive. An examination of the other sections authorizing the use of the county general fund for certain highway purposes discloses the fact that in each case the provision is that the cost apportioned to such fund shall be charged to or paid from the general county fund (Pol. Code, secs. 2643 (subd. 10), 2647), and subdivision 8 of section 2643 provides that in auditing claims the board shall ''specify the fund, or funds, from which the whole or any part of any claim, . . . must be paid.'' We cannot avoid the conclusion that the legislature intended that payments for highway purposes authorized to be made from the county general fund should be made directly therefrom, and not accomplished through the circuitous method of a transfer to a road district fund and payment therefrom. Nor should it be held that the distinction here made is one only of form and not of substance. This very case suggests a reason in support of the method provided. While it is declared in the order of transfer that the transfer is for the purpose of paying a portion of the expense of this bridge work, there is no order for such payment. How can it be known that the money so transferred, instead of being devoted to this purpose, will not ultimately be used, as all real road district money may be used, for some district highway purpose for which the county general fund cannot be resorted to? As is pertinently asked by counsel for defendant, ''Must the treasurer keep a fund within a fund, and check up to know whether the supervisors have expended the transferred money for the special purpose?'' Were such a method as is here attempted generally followed it would lead to endless confusion in the accounts of the various road districts, and render it exceedingly difficult to determine exactly for what highway purposes the general

county fund was in fact used by the board of supervisors, and whether the same was used for a prohibited purpose or not.

No possible legitimate reason can be suggested for such an order as is here involved. If county general fund money can be used to pay the expenses incurred in these repairs, an order of payment directly from such fund may be made. If there be any reason why they cannot be paid directly from that fund, the same reason is sufficient to forbid their payment in the manner here attempted. If they cannot be directly paid from the general fund, they cannot be indirectly so paid.

It is, however, sufficient for all the purposes of this case that there is no authority in the law for any such order of transfer on the part of the board of supervisors. The legislature has seen fit to prescribe a different method for the payment of moneys for certain highway purposes from the county general fund. The order, therefore, was void, and the treasurer, in the discharge of his official duties, properly refused to comply with the same.

The judgment in each case is reversed.

Sloss, J., Henshaw, J., and Beatty, C. J., concurred.